FILED

2021 Feb-18  AM 09:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| TIMOTHY C. STRICKLAND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.:  7:20-cv-00840-ACA-JHE |
| ) | |
| KENNETH PETERS, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

After Petitioner Timothy C. Strickland filed a counseled 28 U.S.C. § 2254 petition for writ of habeas corpus, the magistrate judge entered a report recommending that the court deny the petition as time-barred.  (Doc. 7). Mr. Strickland does not challenge the magistrate judge's conclusion that he filed the § 2254 petition outside the one-year period of limitation, *see* 28 U.S.C. § 2244(d)(1)(A), but instead objects on the ground that he misunderstood how the period of limitations is calculated, he has diligently pursued his claims, and application of the time-bar would be unjust.  (Doc. 8).

"[E]quitable tolling is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly."  *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quotation marks omitted).  "To warrant that extraordinary remedy, a petitioner must demonstrate (1) that he has been pursuing

his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quotation marks omitted). These two requirements "are not blended factors; they are separate elements, both of which must be met before there can be any equitable tolling." *Id.* at 1225.

Mr. Strickland's only assertion of extraordinary circumstances that prevented timely filing is his misunderstanding of how the time bar is calculated. (*See* Doc. 8 at 2). But "[a]ttorney miscalculation [of the deadline to file a § 2254 petition] is simply not sufficient to warrant equitable tolling." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *see also Cadet*, 853 F.3d at 1225–26 (holding that an attorney's grossly negligent misunderstanding of the § 2244 time bar was not sufficient, standing alone, to warrant equitable tolling). Accordingly, Mr. Strickland has not demonstrated the type of extraordinary circumstances that could warrant equitable tolling. The court therefore **OVERRULES** Mr. Strickland's objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** his recommendation.

Further, because the petition does not present issues that are debatable among jurists of reason, the court **WILL DENY** a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), Rules Governing § 2254 Cases.

The court will enter a separate final order consistent with this opinion.

**DONE** and **ORDERED** this February 18, 2021.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE